UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RECHE M. KINSEY,

    Plaintiff,

v.                                                        Case No.: 8:06-CV-1952-T-24MSS

R. JAMES NICHOLSON,
SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS AGENCY,

    Defendant.
_____/

**ORDER**

      This cause comes before the Court on Defendant's Motion for More Definite Statement. (Doc. No. 11). Plaintiff opposes the motion. (Doc. No. 13). The Court held a hearing on the motion on March 1, 2007.

      Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." As stated at the hearing, it is impossible for the Court to determine what claims Plaintiff is asserting in the complaint. As such, the Court grants Defendant's motion for more definite statement and directs Plaintiff to file an amended complaint that (1) identifies each
law that Plaintiff contends that Defendant has violated and set each violation out in separate

counts, with each count having a heading that identifies the violation[1]; and (2) each count must contain a short and plain statement of the facts that shows how Defendant allegedly violated the specific law and supports the cause of action identified in the heading of the count. Additionally, if Plaintiff is asserting a Title VII claim, he is directed to attach to the amended complaint the Right to Sue Letter that supports his claim.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion for More Definite Statement (Doc. No. 11) is **GRANTED**.

(2) The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

(3) Plaintiff is directed to file an amended complaint by March 16, 2007 that complies with this Order. If Plaintiff fails to file an amended complaint by March 16, 2007, the Court will close this case without further notice for lack of prosecution.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of March, 2007

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiff
Counsel of Record

---

[1] For example, if Plaintiff is asserting a claim for false arrest, the title of the count should have a heading that states: Count #__: False Arrest. If Plaintiff is asserting a Title VII claim, he should have a count that has a heading that identifies Title VII and the type of Title VII claim he is asserting in the heading.