UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RECHE M. KINSEY,

    Plaintiff,

v.                                                   Case No.: 8:06-CV-1952-T-24MSS

R. JAMES NICHOLSON,
SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS AGENCY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 41). Plaintiff opposes the motion. (Doc, No. 42).

**I. Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

**II. Background**

Plaintiff, an African American man proceeding pro se, has filed an amended complaint that is not a model of clarity.[1] It appears that he is attempting to assert claims based on discrimination and/or retaliatory actions that took place since 1999. It also appears that he is attempting to assert claims based on the alleged mishandling of one or more of his EEOC complaints.

From the materials filed by Defendant in support of its motion for summary judgment, the Court gives the following background (Doc. No. 41, Exhibits): At the relevant time, Plaintiff worked for the James A. Haley Veterans Hospital ("VA Hospital").

**A. First Administrative Complaint: EEOC Case No. 150-2005-00330X**

On July 29, 2004, Plaintiff filed an administrative complaint of employment discrimination, alleging that he was reassigned to a different department in retaliation for prior EEO activity. The matter was assigned Case No. 2001-0673-2004103198 and was later assigned EEOC Case No. 150-2005-00330X. Plaintiff sought to have this complaint reviewed by an administrative law judge ("ALJ") of the EEOC.

During the proceedings before ALJ Eve Friedli, Defendant's counsel, Kathleen Freeble, moved for summary judgment, arguing mootness, failure to state a prima facie case, and that Defendant had a legitimate, non-discriminatory reason for Plaintiff's reassignment. On August

---

[1]Plaintiff's first complaint was similarly confusing. As a result, when Defendant moved for a more definite statement, the Court set the motion for a hearing so that the Court could attempt to find out exactly what claims Plaintiff is trying to assert. The hearing was not very helpful with regards to determining what claims Plaintiff is trying to assert, beyond the fact that Plaintiff contends that some of the patients at the VA hospital he worked at called him racially discriminatory names and he felt discriminated by that.

24, 2005, the ALJ dismissed the complaint based on mootness, since the only relief Plaintiff requested was reassignment, but he had gone on disability retirement after filing the complaint and was no longer able to return to work at the VA Hospital. The ALJ also noted that if the complaint had not been dismissed for mootness, summary judgment would have been granted due to Defendant setting forth a legitimate, non-discriminatory reason for Plaintiff's transfer and due to Plaintiff's failure to show pretext.

Additionally, the ALJ was troubled by the way Defendant's EEO Manager and the EEO Investigator handled the interview of a witness regarding Plaintiff's claim. As a result, ALJ Friedli recommended that Defendant provide training by an attorney on this issue to its EEO Manager and EEO staff.

On September 12, 2005, Defendant issued a final order to accept and fully implement the ALJ's decision. On October 12, 2005, Plaintiff appealed the final order, and it was affirmed on May 19, 2006. Thereafter, Plaintiff requested reconsideration, which was denied.

In the denial of Plaintiff's motion for reconsideration, he was informed of his right to file a civil action within ninety calendar days from the date he received the decision to deny his motion for reconsideration. The denial was dated June 30, 2006. Plaintiff did not file the instant lawsuit until October 23, 2006–115 days after the decision was rendered, and clearly more than ninety days after Plaintiff received the decision.

**B.  Second Administrative Complaint: Case No. 2001-X002-2005103245**

Plaintiff filed another administrative complaint on August 28, 2005, in which he alleged "reprisal." The matter was assigned Case No. 2001-X002-2005103245. Specifically, Plaintiff contended that Defendant's counsel, Kathleen Freeble, made some inaccurate statements that had

a bearing on the ALJ's dismissal of his prior complaint regarding his reassignment to a different department. Plaintiff contended that Freeble's objections to Plaintiff's witnesses (based on relevancy and lack of first-hand knowledge) had a bearing on the ALJ's decision on his previous complaint.

Plaintiff's complaint was dismissed on October 27, 2005 due to his failure to assert a cognizable claim, because he was asserting a claim based on dissatisfaction with the processing of his previously filed complaint. Plaintiff appealed, and the dismissal decision was affirmed on April 11, 2006. Thereafter, Plaintiff moved for reconsideration, which was denied on July 28, 2006.

In the denial of Plaintiff's motion for reconsideration, he was informed of his right to file a civil action within ninety calendar days from the date he received the decision to deny his motion for reconsideration. Plaintiff filed the instant lawsuit within the ninety day period for that complaint.

### III. Motion for Summary Judgment

Defendant moves for summary judgment on all of Plaintiff's claims. In support of its motion, Defendant makes the following arguments: (1) any claims in this case that relate to Plaintiff's reassignment should be dismissed for untimeliness; (2) there is no independent cause of action under Title VII for mishandling Plaintiff's EEOC complaints; and (3) any claims that do not relate to the administrative complaint regarding Freeble must be dismissed for failure to exhaust his administrative remedies. Accordingly, the Court will address each argument.

#### A. Untimeliness

Defendant argues that any claims relating to Plaintiff's administrative complaint

regarding his reassignment are untimely.  The Court agrees.  To the extent that Plaintiff challenges the ALJ's decision to dismiss his first described complaint, he failed to file this action within ninety days of his receipt of the decision denying his motion for reconsideration, and as such, any claims relating to his reassignment are untimely.

Defendant correctly points out that Plaintiff has not put forth any facts that would support an argument for equitable tolling.  While Plaintiff makes the blanket assertion that he has done so, Plaintiff fails to point to any facts that would support such an argument.  As such, the Court grants Defendant summary judgment to the extent that Plaintiff's claims in this case relate to his reassignment.

### B.  Claim Mishandling

Next, Defendant argues that it is entitled to summary judgment on Plaintiff's claim relating to Freeble's alleged inaccurate statements that he alleges had a bearing on the ALJ's dismissal of his prior complaint regarding his reassignment to a different department.  Specifically, Defendant argues that Title VII does not create an independent cause of action for mishandling a complaint of discrimination, and Plaintiff's remedy was to file a civil action for de novo review of the ALJ's decision in the prior case (i.e., the case where Plaintiff challenged his reassignment and in which Freeble allegedly made the inaccurate statements).  The Court agrees.

The essence of this claim is that Plaintiff is unhappy with the ALJ's decision, which Plaintiff believes was affected by Freeble's alleged inaccurate statements.  The proper recourse for Plaintiff was to file a civil action within ninety days of his receipt of the denial of his motion for reconsideration, which Plaintiff did not do.

Furthermore, to the extent that Plaintiff is alleging mishandling of his administrative

complaints by alleging that EEOC Case No. 150-2005-00330X and EEOC Case No. 2001-X002-2005103245 were "mixed up" by the EEOC, the proper procedure is to file a civil action challenging the final decisions that resulted in those cases. See Diaconu v. Department of Defense, 2005 WL 3078193, at *3 (E.D. Pa. Nov. 15, 2005)(stating that "de novo review of the plaintiff's discrimination claims in federal court is an adequate remedy for any deficient treatment of her discrimination claim"); Hill v. England, 2005 WL 3031136, at *2-3 (E.D. Cal. Nov, 8, 2005)(stating that there is no independent cause of action under Title VII for mishandling of an employee's EEO complaint); Bolden v. Ashcroft, 2005 WL 1903567, at *2 (D.D.C. July 15, 2005); Mayes v. Potter, 2003 WL 23220738, at *5 (W.D. Mich. May 22, 2003); Adams v. EEOC, 932 F. Supp. 660, 663-64 (E.D. Pa. 1996); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990).

The time to file a civil action, however, has passed with respect to the first administrative complaint, EEOC Case No. 150-2005-00330X. With regards to the second administrative complaint, EEOC Case No. 2001-X002-2005103245, this Court has explained that the second administrative complaint was essentially a challenge to the prior time-barred decision.[2] Accordingly, the Court grants Defendant's motion to the extent that Plaintiff's claims in the instant lawsuit are based on Freeble's alleged inaccurate statements or that his administrative complaints were mixed up.

---

[2]Additionally, the Court notes that Plaintiff points to Defendant's summary judgment exhibits 9, 10, 14, and 15 as evidence that his claims were mixed up. However, upon review of those documents, the Court is unable to determine how those documents support Plaintiff's contention that his claims were mixed up.

### C. Failure to Exhaust Other Claims

Next, Defendant argues that any claims of reprisal under Title VII that do not relate to the administrative complaint regarding Freeble must be dismissed for failure to exhaust his administrative remedies.  The Court agrees, as Plaintiff has not shown that he has exhausted his administrative remedies.  See Maynard v. Pneumatic Product Corp., 256 F.3d 1259, 1262 (11th Cir. 2001)(citations omitted).

Furthermore, to the extent that Plaintiff challenges whether Defendant implemented the ALJ's order regarding training, the Court notes that there is a procedure for making such a challenge.[3]  Specifically, in the ALJ's order dismissing his first complaint and recommending training, she states that if Plaintiff believes that Defendant failed to comply with the terms of the final action, (1) he can notify the Defendant's EEO Director, in writing, within thirty days, and (2) if Plaintiff is not satisfied with Defendant's attempt to resolve the matter, he can appeal to the Commission (a) within thirty days of Defendant's decision, or (b) at least thirty-five days after the complaint was served on Defendant if Defendant did not respond to the complaint.  29 C.F.R. § 1614.504.

Accordingly, the Court dismisses without prejudice Plaintiff's remaining claims due to his failure to exhaust his administrative remedies.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (Doc. No. 41) is **GRANTED** as to the claims that relate to his reassignment, Freeble,

---

[3]The Court also notes that there may be a question as to whether Plaintiff has standing to pursue such a claim, since he no longer works for Defendant due to his taking disability retirement.

7

and any mishandling of his administrative complaints; the other claims are dismissed without prejudice for failure to exhaust his administrative remedies.  The Clerk is directed to enter judgment in favor of Defendant and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of September, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiff
Counsel of Record