UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RECHE M. KINSEY,

    Plaintiff,

v.                                                Case No.: 8:06-CV-1952-T-24MSS

R. JAMES NICHOLSON,
SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS AGENCY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Reconsideration regarding this Court's order (Doc. No. 43) granting Defendant's motion for summary judgment. (Doc. No. 45). Defendant opposes the motion. (Doc. No. 47).

In this motion, Plaintiff, proceeding pro se, raises the same two issues that he raised in his response to the motion for summary judgment–(1) that Assistant United States Attorney Steven Nisbet was not allowed to substitute in this case as defense counsel (and thus Assistant United States Attorney Frank Krider could not withdraw from this case) without leave of Court and that Mr. Krider could not practice in this Court because he is not a member of the Florida Bar; and (2) that Plaintiffs' underlying EEOC complaints were mixed up.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is

an extraordinary remedy to be employed sparingly.  <u>See</u> <u>id.</u> (citations omitted).

Upon review of Plaintiff's motion, the Court finds that it should be denied, as Plaintiff has not shown that he meets the requirements for reconsideration.  Instead, Plaintiff is merely attempting to re-assert his prior arguments that have already been considered by the Court.

The Court has already addressed the attorney substitution issue in two prior orders and informed Plaintiff that leave of Court is not necessary for one Assistant United States Attorney to substitute in a case in place of another Assistant United States Attorney . (Doc. No. 37, 39). Furthermore, Local Rule 2.02(b) allows Assistant United States Attorneys to practice in this Court.

Likewise, the Court has already addressed Plaintiff's second issue–that his underlying EEOC complaints were mixed up.  (Doc. No. 43).  No reconsideration of the Court's prior ruling on this issue is warranted in this case.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 45) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of October, 2007

Copies to:
Pro Se Plaintiff
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge